IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER MOORE,

    Plaintiff,

v.                                 Civil Action No. 5:13CV130
                                        (STAMP)
LT. SHAW,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, while incarcerated at FCI Morgantown, filed this civil action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The plaintiff alleges a violation of his Eighth Amendment rights. In particular, the plaintiff claims that the defendant acted with deliberate indifference to his medical need. The plaintiff states that he suffered a seizure at 3:00 a.m., and that the defendant appeared approximately 20 to 30 minutes later. When the defendant arrived, the plaintiff claims that other inmates witnessed the defendant shine a light in his eyes and call his name, rather than attempt to revive him. He further claims that the other assisting officers "did nothing." The plaintiff also argues that such situations have

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

occurred before.  For relief, the plaintiff seeks $200,000.00 for his injuries and $800,000.00 for punitive damages.

Later, the defendant filed a motion to dismiss, or alternatively, for summary judgment. ECF No. 32. In that motion, the defendant asserts three arguments, which are: (1) the plaintiff failed to establish his deliberate indifference claim; (2) that the defendant is entitled to qualified immunity; and (3) that the plaintiff failed to exhaust his administrative remedies. The plaintiff filed a response in opposition. ECF No. 36. In that response, he argues that his version of the facts directly contradicts the defendant's version, which states that the plaintiff was on the floor without injury. As proof, the plaintiff provides the unsworn statement of an inmate who allegedly witnessed the events. Further, the plaintiff argues that the defendant is not entitled to qualified immunity, and that the plaintiff exhausted his administrate remedies. In support of that exhaustion, he attached two copies of what are allegedly administrative remedies.

Following the above filings, United States Magistrate Judge John S. Kaull entered his report and recommendation. ECF No. 37. In it, he recommends that the defendant's motion for summary judgment be granted and that the plaintiff's complaint be dismissed with prejudice. First, the magistrate judge found that the plaintiff failed to exhaust his administrative remedies. In

particular, the magistrate judge found that the administrative remedies that the plaintiff provided in his response were actually informal resolutions rather than formal requests/complaints. Therefore, they failed to show up under the complaint database, and more importantly they fail to count as a proper exhaustion. See Johnson v. Taylor, 2009 WL 691207, at *3, n.8 (W.D. Va. Mar. 16, 2009). Second, the magistrate judge found that even if he exhausted his administrative remedies, the plaintiff failed to establish his deliberate indifference claim. Specifically, the magistrate judge determined that the defendant relied upon the reports of the medical staff, which indicated that the plaintiff was medically stable. Furthermore, the magistrate judge also noted that the plaintiff relies on unsworn statements by other inmates, which are inadmissible for summary judgment purposes. For those reasons, the magistrate judge recommends that the defendant's motion be granted, and that the plaintiff's complaint be dismissed with prejudice. The plaintiff did not file objections to the report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28

U.S.C. § 636(b)(1)(A).  As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

III.  Discussion

A.  Failure to Exhaust Administrative Remedies

As provided earlier, the defendant argues that the plaintiff has failed to exhaust his administrative remedies.  In response, the plaintiff argues that he did exhaust such remedies, pointing to two copies of alleged remedies he filed.  ECF No. 36 Ex. 2.  The plaintiff also insinuates in his complaint that exhausting his administrative remedies would prove futile.  ECF No. 1.

Whether a federal prisoner sues under Bivens or § 1983, he or she "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit."  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Regarding that exhaustion, it must be properly exhausted. Woodford v. Ngo, 548 U.S. 81, 93-94 (2006).

The facts of this case show that the plaintiff has not complied with the exhaustion requirement.  As the magistrate correctly points out, the plaintiff provided alleged grievances he claims to have filed.  ECF No. 36.  Those alleged grievances,

4

however, do not pertain to the claims of this civil action. Rather, the claims asserted in those grievances relate to requests for transfers to other institutions so that the plaintiff could be closer to home. In addition, the magistrate judge correctly identified the process used when reviewing grievances. 28 C.F.R. §§ 542.10-15; see Johnson, 2009 WL 691207, at *3, n.8. Instead of filing grievances, it appears that the plaintiff filed "informal resolutions," which are not the same as a grievance. Therefore, the record shows that the plaintiff did not exhaust his administrative remedies. To the extent that the plaintiff argues that it would have been futile to exhaust those remedies, that argument is equally without merit. In some cases, "exhaustion is not required where no genuine opportunity for adequate relief exists, irreparable injury will result if the complaining party is compelled to pursue administrative remedies, or an administrative appeal would be futile." Winck v. England, 327 F.3d 1296, 1304 (11th Cir. 2003) (internal punctuation and citation omitted). Further, "exceptions to the exhaustion requirement apply only in extraordinary circumstances, [] and [the plaintiff] bears the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (internal punctuation and citations omitted). Moreover, the United States Court of Appeals for the Fourth Circuit has stated that "[e]xhaustion of administrative remedies is mandatory, even where

5

the inmate claims that exhaustion would be futile." Reynolds v. Doe, 431 F. App'x 221, 222 (4th Cir. 2011) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)). In this case, the plaintiff has provided no evidence as to how exhausting his remedies would have been futile. Exhaustion is a mandatory requirement that, as the magistrate judge correctly determined, the plaintiff did not satisfy. Accordingly, the magistrate judge's findings are upheld.

B.  Failure to Establish Deliberate Indifference

Even if the plaintiff did exhaust his administrative remedies, the plaintiff still fails to prove his deliberate indifference claim. In order to state a claim under the Eight Amendment for ineffective medical assistance, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical condition is serious in two circumstances. First, a serious medical condition exists when a physician has diagnosed that condition as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v.

Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Id. at 303. In Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), the United States Court of Appeals for the Fourth Circuit held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

After reviewing the record, this Court "is not left with the definite and firm conviction" that the magistrate judge made errors concerning the plaintiff's deliberate indifference claim. Non-medical personnel, like the defendant, may rely on the opinion of medical staff about proper medical care for inmates. Miltier, 896 F.2d at 855. In his dispositive motion, the defendant provides a sworn and signed affidavit, in which he indicates that the physician assistant at the scene "instructed the Plaintiff to

7

report to Health Services at 6 a.m. the following morning." ECF No. 33 Ex. 1. The defendant also indicates that the plaintiff did not request immediate medical attention after being seen by the physician assistant and thus, the defendant did not summon emergency medical personnel. Id. In further support of his argument, the defendant also provides the signed and sworn affidavit of James Thomas, the Health Administrator of FCI Morgantown. Id. Ex. 2. In that affidavit, Mr. Thomas discusses the plaintiff's past treatments, and that physical examinations of the plaintiff showed no need for emergency medical care. Based on the evidence, it appears that the defendant relied on the physician assistant's medical opinion. Because he relied on that opinion, the defendant asserts that he did not act with deliberate indifference by refraining from requesting emergency care for the plaintiff.

In an attempt to refute the defendant's argument, the plaintiff proffers unsworn statement by a fellow inmate. ECF No. 36. In that statement, inmate William Campshure discusses the plaintiff's seizure and that the responding personnel did not properly attend to his medical needs. That statement, however, proves insufficient so as to refute the defendant's evidence. As the magistrate judge correctly pointed out, unsworn statements alone generally are not admissible on summary judgment as to contradicting sworn affidavits and declarations. Edens v. Kennedy,

112 F. App'x 870, 877 (4th Cir. 2004). Notwithstanding that inadmissibility, Mr. Campshure's statement itself does not sufficiently contradict the defendant's evidence. Based on the record before this Court, the facts show that the defendant did not act with deliberate indifference to the plaintiff's medical need. Accordingly, the findings of the magistrate judge are upheld.

## IV. Conclusion

For the foregoing reasons, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, the defendant's motion to dismiss or motion for summary judgment (ECF No. 32) is GRANTED, and the plaintiff's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      March 20, 2015

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE